IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRYLE CHATMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-182-JHP |
| | ) | |
| TROY BULLER, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Before the Court are Plaintiff's Motion for Attorneys' Fees and Prejudgment Interest, [Doc. No. 50]; Defendant's Response in Opposition thereto, [Doc. No. 55]; Plaintiff's Reply to Defendant's Response, [Doc. No. 60]; and Plaintiff's Supplemental Motion for Attorneys' Fees, [Doc. No. 74].[1]  For the reasons stated below, Plaintiff's Motion for Attorneys' Fees and Prejudgment Interest is **GRANTED** in part and **DENIED** in part.

DISCUSSION

A. Attorneys' Fees

As the prevailing party in this civil rights case brought under 42 U.S.C. § 1983, Plaintiff is entitled to seek reimbursement for his reasonable attorneys' fees. 42 U.S.C. § 1988(b).[2]  A fee

---

[1] On October 10, 2013, Defendant filed an untimely Response In Opposition to Plaintiff's Supplemental Motion for Attorney's Fees, [Doc. No. 76], without first seeking leave to file his response out of time as required by LCvR 7.1(j). As this filing fails to comply with the Court's September 25, 2013 Order, which directed Defendant to file an expedited response by October 2, 2013, Defendant's Response In Opposition to Plaintiff's Supplemental Motion for Attorneys' Fees, [Doc. No. 76], is **STRICKEN**.

[2] This fee statute provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983 [etc.] ... of this title ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b).

request under § 1988(b) places the burden on Plaintiff to establish two elements: (1) that he was the "prevailing party" in the litigation; and (2) that his request is "reasonable." *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Phelps v. Hamilton*, 120 F.3d 1126, 1129 (10th Cir. 1997); *Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1193 (10th Cir. 1998). As there is no question about Plaintiff's prevailing party status, the lone inquiry in this case is whether Plaintiff has established that his fee request is "reasonable."

In determining reasonable attorneys' fees, courts first calculate the "lodestar" figure, that is, the product of multiplying reasonable hours by a reasonable hourly rate. *Hensley*, 461 U.S. at 434. This "lodestar amount" is "the centerpiece of attorney's fee awards." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). The lodestar figure "is the presumptively reasonable fee." *Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1493 (10th Cir. 1994). The lodestar amount is then adjusted upwardly or downwardly to reflect other factors, such as those listed in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), when necessary.

> The [twelve] *Johnson* factors are: the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the "undesirability" of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

*Gottlieb v. Barry*, 43 F.3d 474, 482 n. 4 (10th Cir. 1994) (*citing Johnson*, 488 F.2d at 717–19). Although the court must address these factors, not every factor will apply in the circumstances of a particular case. *See Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993).

**1.  Hours Expended**

Defendant does not dispute the reasonableness of the number of hours submitted by Plaintiff.  Nevertheless, the Court has reviewed Plaintiff's submissions and finds the hours to be properly recorded and reasonable in nature.  Accordingly, the Court finds that Plaintiff's counsel are entitled to fees for a total of 280.90 hours spent on this case, which includes 227 hours for time spent through the conclusion of the trial and 53.9 hours for time accrued thereafter, detailed below by attorney.

| Counsel | Hours Through Trial | Post-Trial Hours | Total |
|---|---|---|---|
| Mr. Steven Terrill | 92.5 | 7.2 | 99.7 |
| Mr. Spencer Bryan | 134.5 | 46.7 | 181.2 |

**2.  Reasonable Hourly Rate**

"The establishment of hourly rates in awarding attorneys' fees is within the discretion of the trial judge who is familiar with the case and the prevailing rates in the area."  *Lucero v. City of Trinidad,* 815 F.2d 1384, 1385 (10th Cir. 1987) (citation omitted).  A court is to look "to the prevailing market rates in the relevant community" in calculating a reasonable fee.  *Blum,* 465 U.S. at 895.  The relevant community is the area in which the litigation occurs.  *Ramos,* 713 F.2d at 555.

Plaintiff submitted affidavits from local attorneys familiar with the hourly billing rates of attorneys with comparable skill and experience in civil rights litigation who practice in the Eastern District of Oklahoma along with a survey of rates charged by law firms located in Tulsa,

Oklahoma.[3]  The survey indicates that lawyers with attorneys with 10-12 years of experience charge hourly rates ranging between $160.00 and $330.00 per hour, with most respondents charging $250 per hour.  The survey also shows that attorneys with 7-9 years of experience charge hourly rates between $130 and $295 per hour, with most respondents charging $225 per hour.  Further, the affidavits from local attorneys state that Mr. Terrill and Mr. Bryan are entitled to $250 and $290 per hour, respectively.

Plaintiff also submitted affidavits of counsel, wherein each describe their substantial federal civil rights litigation experience.  Since becoming a member of the Oklahoma Bar Association in 2002, Mr. Bryan has litigated 83 federal civil rights cases filed among the three federal district courts in Oklahoma.  Similarly, since his admission to the Oklahoma Bar Association in 2005, Mr. Terrill has also gained significant experience in federal civil rights litigation.  Furthermore, both attorneys specialize in complex civil rights litigation.  The Court notes that Plaintiff's counsel provided highly professional and competent representation throughout the litigation, submitting comprehensive, well-researched briefs addressing a number of complex issues and demonstrating a high level of preparedness during the trial.

Based upon the Court's own knowledge of the prevailing rates in the relevant area, the complex nature of federal civil rights litigation, counsels' specialized practice and respective experience, including federal civil rights litigation experience, and the level of skill demonstrated by Plaintiff's counsel throughout the litigation, Plaintiff's attorneys' fees will be permitted at the rate of $250 per hour for Mr. Terrill and $300 per hour for Mr. Bryan.

---

[3] Given the close proximity of this Court's location in Muskogee, Oklahoma, to Tulsa, Oklahoma, along with the fact that a significant portion of the lawyers practicing before this Court are based in Tulsa, the Court considers Tulsa part of the relevant area for purposes of determining a reasonable rate.

### 3. Lodestar Calculation

Applying the conclusions outlined above, the Court finds the "lodestar" figure for Plaintiff's attorneys' fees as follows:

| Counsel | Total Hours | Rate | Compensation |
|---|---|---|---|
| Mr. Steven Terrill | 99.7 | $250 per hour | $24,925.00 |
| Mr. Spencer Bryan | 181.2 | $300 per hour | $54,360.00 |

Accordingly, Plaintiff is hereby awarded attorneys' fees in the amount of $79,285.00.

### 4. Prejudgment Interest

Plaintiff also asserts that he is entitled to prejudgment interest. The Tenth Circuit has explained that "'although prejudgment interest is ordinarily awarded in a federal case, it is not recoverable as a matter of right.'" *Malloy v. Monahan,* 73 F.3d 1012, 1019 (10th Cir. 1996) (quoting *Zuchel v. City & County of Denver,* 997 F.2d 730, 746 (10th Cir. 1993)). Under federal law, the purpose of prejudgment interest "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment." *Zuchel,* 997 F.2d at 746 (quotation omitted). In the Tenth Circuit, an award of prejudgment interest is to be determined by a two-step analysis. *Id.*

> First, the trial court must determine whether an award of prejudgment interest would serve to compensate the injured party. Second, when an award would serve a compensatory function, the court must still determine whether the equities would preclude the award of prejudgment interest.

*Id.* (quotation omitted). Accordingly, this Court must exercise its discretion in determining whether an award of prejudgment interest is appropriate. *Id.* Significantly, Tenth Circuit precedent dictates that the Court not award prejudgment interest for non-economic portion of a judgment. *Id.*

The Court has thoroughly reviewed the trial record and finds an award of prejudgment interest inappropriate in the instant case. Plaintiff presented no evidence to the jury of any economic loss resulting from the violation of his constitutional rights. While Plaintiff's losses were significant, his emotional distress, mental anguish, and suffering did not "deprive him of the monetary value of his loss from the time of the loss to the payment of the judgment." *Id.* Therefore, rather than compensating Plaintiff, an award of prejudgment interest in this case would improperly "duplicate damages already awarded." *F.D.I.C. v. UMIC, Inc.*, 136 F.3d 1375, 1388 (10th Cir. 1998). Accordingly, Plaintiff's request for prejudgment interest is denied.

## CONCLUSION

For the reasons outlined above, Plaintiff's Motion for Attorneys' Fees and Prejudgment Interest, [Doc. No. 55], is **GRANTED** in part and **DENIED** in part.

**IT IS SO ORDERED** this 22nd day of October, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma